UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                            :

HWESU S. MURRAY,                           :

                                                            Plaintiff,    :           1:85-cv-7675-GHW

                                -v -                       :                  <u>ORDER</u>

NATIONAL BROADCASTING COMPANY,      :
INC., BRANDON TARTIKOFF, THE CARSEY- :
WERNER COMPANY, a California partnership, :
MARCIA CARSEY and THOMAS WERNER      :

                                                  Defendants.    :

------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2022

GREGORY H. WOODS, United States District Judge:

       On May 17, 2022, Plaintiff Hwesu S. Murray filed a number of *ex parte* submissions with the Court. The Court sees no justification to permit those submissions to be made *ex parte* or under seal. Accordingly, Plaintiff's request to file his submissions *ex parte* is denied. The Court will order that the submissions made by Plaintiff at Dkt. Nos. 2 through 4 be made accessible to the public.

       Plaintiff has requested that the Court grant him prior approval to file certain evidence in this case. The Court understands that Plaintiff has requested prior approval because he is barred from pursuing claims regarding his asserted ownership interest in the Cosby Show without the prior approval of the presiding judge. That request for prior approval to permit Mr. Murray to make the requested submissions to this Court in this case is denied.

       This case has been closed since 1994—nearly 28 years ago. Plaintiff's claims against the Casey-Werner Company, Marcia Carsey, and Thomas Werner were dismissed with prejudice by agreement in 1987—over 35 years ago. Plaintiff stipulated to the dismissal of his claims against those defendants *with prejudice*. *See* Dkt. Nos. 23, 24.

       The procedural vehicle to seek relief from a final judgment such as the one entered in this

case is Federal Rule of Civil Procedure 60(b). That rule provides the following:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). The rule expressly limits the time by which a motion must be made: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Regardless of the nature of any statements made by Judge Cedarbaum on the record in this case, in order to modify the judgment in this case, the conditions imposed by Rule 60(b) must be satisfied.[1]

Mr. Murray's submissions do not address that rule or the time limitations contained in it. However, it appears that Mr. Murray is asking to vacate the judgment on the basis of new evidence regarding conduct by the Carsey-Werner defendants. Such an application based on new evidence would fall within clause (2) of Rule 60(b). A one year time limitation applies to such a motion. The one year time limit expired in 1988.

To the extent that Mr. Murray were to contend that his application is appropriately presented under Rule 60(b)(6), rather than 60(b)(2), the Court thinks that it is improbable that he will be able to demonstrate that his application was made "within a reasonable time" after the entry of judgment. "In considering whether a Rule 60(b)(6) motion is timely, the particular circumstances of the case must be scrutinized, and the interest in finality must be balanced against the reasons for

---

[1] The Court is not taking a position here regarding the accuracy of Mr. Murray's recollections regarding statements that he asserts to have been made by Judge Cedarbaum. The Court's choice not to remark on the validity of Mr. Murray's recollections regarding any such statements should not be construed as a determination by the Court that they are accurate.

delay.  Specifically, the movant must show good cause for the failure to act sooner.  Because the scope of Rule 60(b)(6) is potentially so broad, relief should be granted only where the movant has demonstrated 'extraordinary circumstances' or 'extreme hardship.'"  *Williams v. Comm'r of Correction of State of N.Y.*, 122 F.3d 1058 (2d Cir. 1997).

It is improbable that Mr. Murray will be able to meet the applicable standard to show that his application was made "within a reasonable time."  Mr. Murray's application to vacate the judgment in this case comes almost 35 years after entry of judgment.  The Court believes that the substantive merit of Mr. Murray's anticipated request is vanishingly small.[2]  The Court's assessment of the merits of Mr. Murray's application informs the Court's decision whether to grant him advance leave to make the requested submissions in this Court.

The Court does not grant Mr. Murray leave to file an application or further evidence in this case.  Rather than bringing a meritorious substantive claim, it appears that Mr. Murray is attempting again to assert meritless, and, therefore, vexatious litigation.  The Court declines to provide Mr. Murry advance approval to make the submissions that he requests in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] Mr. Murray cites Judge Amon of the Eastern District of New York as having stated that "the proper procedure is for Murray to file in the Southern District a motion for relief in <u>Murray</u>, not to file with this Court a motion for reconsideration."  Application at 20.  This statement cannot be construed to suggest that Judge Amon had a view that such a motion, if filed, would have merit.

The Clerk of Court is directed to change the viewing level of the filings at Dkt. Nos. 2 through 4 so that they are viewable by the public.  The Clerk of Court is further directed to mail a copy of this order to Mr. Murray.

SO ORDERED.

Dated: June 10, 2022  
New York, New York

                                                 GREGORY H. WOODS  
                                              United States District Judge